# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ROBERT K. WISHON,**

        **Plaintiff,**

**-vs-**                              **Case No. 6:06-cv-870-Orl-DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **UNOPPOSED APPLICATION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT (Doc. No. 21)**
>
> **FILED:** **June 19, 2007**
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

This application follows the issuance of an Order and entry of Judgment reversing the decision of the Commissioner of Social Security with respect to Plaintiff's claim for benefits, and remanding the case pursuant to sentence four of 42 U.S.C. § 405(g) (Doc. No. 19 & 20).

Pursuant to the Equal Access to Justice Act, a party can recover an award of attorney's fees against the government provided that the party seeking the award is the prevailing party; the application for such fees, including an itemized justification for the amount sought, is timely filed;

the position of the government is not substantially justified; and no special circumstances are present which would make an award unjust. Title 28 U.S.C. § 2412(d)(1)(A).

The unopposed motion seeks an award of attorney's fees in the amount of $3,705.62, calculated at the rate of $158.25 per hour for the 21.1 hours of work performed in 2006, and $159.37 per hour for the 2.3 hours of work performed in 2007 ($125.00 adjusted for cost of living increase). *See Meyer v. Sullivan,* 958 F.2d 1029, 1034 (11th Cir. 1992) (court must consider cost of living increases when awarding attorney fees under Equal Access to Justice Act); *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990) (Consumer Price Index is appropriate proof of cost of living increase and justifies higher award than statutory rate); Doc. No. 21 (CPI figures). Upon review of the supporting papers filed by Plaintiff, and in view of the absence of any opposition from the Commissioner, the Court finds that an award is appropriate under the EAJA, and that the amount claimed is reasonable.

It is therefore **ORDERED** that the motion is **GRANTED,** and judgment is directed to be entered in the amount of **$3,705.62** for attorney's fees.

**DONE** and **ORDERED** in Orlando, Florida on June 20, 2007.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record